IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CR-14-83-HE |
| | ) | NO. CIV-16-1072-HE |
| BRENDA GALINDO, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Defendant Brenda Galindo pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance and was sentenced to a 36 month term of imprisonment. Judgment was entered on February 27, 2015. Defendant did not appeal but, on September 15, 2016, filed a motion under 28 U.S.C. § 2255 seeking habeas relief. Relying on United States v. Quintero–Leyva, 823 F.3d 519 (9th Cir. 2016), defendant argues she is entitled to a minor role reduction in her sentence based on Amendment 794 of the United States Sentencing Commission Guidelines Manual, which was adopted by the United States Sentencing Commission on November 1, 2015.[1] Because defendant is not entitled to the relief she seeks, her motion will be denied.

Although defendant filed her motion pursuant to § 2255, it appears she should have sought resentencing under 18 U.S.C. § 3582. As the court explained in Ruiz-Pena v. United States, 2016 WL 7031302, at *2 (W.D.N.C. Nov. 30, 2016), "requested sentencing relief

---

[1]Amendment 794 altered the commentary to United States Sentencing Guidelines § 3B1.2, which addresses a mitigating role in the offense. Rogers v. United States, 2016 WL 7104816, at *1 (D. Md. Dec. 6, 2016).

[based on Amendment 794] is not cognizable in a § 2255 proceeding." *Accord* Reynolds v. United States, 2016 WL 7117149, at *1 (S.D. Ill. Dec. 7, 2016) ("errors in the application of the sentencing guidelines cannot be raised in 2255 motions as long as a defendant's sentence is within the range provided by the statute of offense"). To proceed under § 2255 requires the defendant to show that her sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Regardless, whether defendant sought relief under § 2255 or § 3582, her motion would be denied.[2]

Amendment 794 became effective after defendant was sentenced. While the Ninth Circuit and other courts have held the Amendment applies retroactively to direct appeals, the same conclusion has not been reached when the issue has been raised either on collateral review or in a motion for reduction of sentence. In fact, courts have consistently held to the contrary. *See* United States v. McNeill, 2016 WL 6936472, at *1 (4th Cir. Nov. 28, 2016) ("Amendment 794 cannot be given retroactive effect in a § 3582(c)(2) proceeding.") (unpublished); Rogers v. United States, 2016 WL 7104816, at *1 (D. Md. Dec. 6, 2016)

---

[2]Although defendant did not have the opportunity to address the issue, the court also notes that her motion, if considered to have been filed under §2255, would probably be time-barred under the applicable one-year limitations period. 28 U.S.C. § 2255. Defendant did not file her motion until September 15, 2016. ,Absent some basis for statutory or equitable tolling, that was more than one year after the time to file a direct appeal expired on March 13, 2015, which was when the judgment became final.

("Amendment 794 is not retroactively applicable on collateral review.") (internal quotation marks omitted); Reynolds v. United States, 2016 WL 7117149, at *1-2 (S.D. Ill. Dec. 7, 2016); United States v. Harrison,, 2016 WL 6310768, at *2 (N.D. Okla. Oct. 27, 2016). The court agrees with those decisions and their reasoning.

Accordingly, defendant's motion for habeas relief pursuant to 28 U.S.C. § 2255 is denied. The court also denies a certificate of appealability, as it finds defendant has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 9th day of December, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE